# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

In re:

ROBERT FRAZIER and
JENNY L. FRAZIER,

           Debtors.

Case No. F11-00598-DMD
Chapter 13

**Filed On 3/9/12**

## MEMORANDUM ON MOTION FOR RELIEF FROM AUTOMATIC STAY

Pending before the court is the Spirit of Alaska Federal Credit Union's motion for relief from automatic stay.[1] The motion cannot be granted at this time because it does not comply with the requirements of applicable Local Bankruptcy Rules. AK LBR 4001-1 requires, in part, that motions for relief from stay under 11 U.S.C. § 362(d) "conform to AK LBF 1, if appropriate."[2] All writings evidencing the underlying debt, "including any writing necessary to prove that the claimant is the current holder of the debt, or is otherwise entitled to enforce the debt"[3] must be attached to the motion. Motions for relief from stay must be served in accordance with LBR 4001-1(c), which includes service on counsel for the debtors *and* the debtors. Additionally, notice is required pursuant to AK LBR 4001-1(b). The notice must state the deadline for filing written objections, conform to AK LBF 2, and be served on either the entire matrix[4] or on an "alternate matrix" found in Rule 4001-1(c)(2).

---

[1] Docket No. 52.

[2] AK LBR 4001-1(a)(1)[C].

[3] AK LBR 4001-1(a)(1)[D][ii].

[4] Notice given to all creditors is "presumed to be appropriate if mailed or sent electronically to all entries on a master mailing list: (i) certified updated by the clerk within fourteen (14) days of the date notice

Here, the motion seeks relief from stay as to real property. It must, therefore, be amended to conform to AK LBF 1.[5] Further, although a copy of the pertinent deed of trust[6] was filed with the motion, no writings has been filed evidencing that creditor Spirit of Alaska Federal Credit Union is the current holder of the debt. The creditor must file a copy of the promissory note (endorsed to the creditor) or another writing proving the creditor holds the debt or is otherwise entitled to enforce the debt.

Finally, the creditor must give notice of the motion in accordance with LBR 4001-1(b). A Notice of Motion for Relief from Stay (AK LBF 2) is available on the court's website. The notice, as well as the motion, must be served in accordance with Local Bankruptcy Rules as set out above. The court also notes that if no objection to the motion for relief from stay is served or communicated to counsel for the creditor within the time set forth in the notice, counsel should file with the court a Certificate of No Objections (AK LBF 4).

Because the motion for relief from stay fails to comply with AK LBR 4001-1, it will be denied, without prejudice, pending the filing of an amended motion for relief from stay and proper notice and service thereof. An order will be entered accordingly.

//

---

is sent; or (ii) if obtained electronically, bearing a computer generated date within fourteen (14) days of the date notice is sent." AK LBR 2002-1(c)(2)[C].

[5] Local bankruptcy forms are available on the court's website at http://www.akb.uscourts.gov/.

[6] The deed of trust names the debtors as borrowers and Northern Schools Federal Credit Union as the lender.

DATED:  March 9, 2012

          BY THE COURT

          /s/ Donald MacDonald IV
          DONALD MacDONALD IV
          United States Bankruptcy Judge

Serve:  J. Connors, Esq.
       J. Gazewood, Esq.
       L. Compton, Trustee
       U. S. Trustee

       03/09/12